# CASES

## DETERMINED IN THE

## SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF VERMONT.

---

### ADDISON COUNTY, JANUARY TERM,
### A. D. 1801.

---

*ENOCH WOODBRIDGE,* Chief Judge,
*LOTT HALL,* } *Assistant Judges.*
*NOAH SMITH,* }

---

## STATE *against* J. N. B.

A woman divorced *a vinculo matrimonii* is a competent witness upon an indictment against her former baron for a forgery committed during coverture.

INDICTMENT for forgery. Defendant arraigned. Plea, not guilty. Trial by the country.

*Daniel Chipman,* Esquire, State Attorney, in support of the indictment, offered to adduce as a witness, Mrs. *W.* formerly wife to the prisoner at the bar, who had been legally divorced *a vinculo matrimonii,* and afterwards intermarried with *D. W.* to prove the forgery said to have been committed during the coverture of her former husband.

*S. Miller,* Esquire, counsel for the prisoner, objected to the competency of the witness. There is

no law better established, and more generally known, than that husband and wife cannot be witnesses for or against each other ; the principle of this law is also well known, and universally approved—even the preservation of family peace.   The only question which can arise is, does a separation by divorce give a competency to either husband or wife to testify against each other concerning any event which happened during coverture ? Admitting the affirmative to be law would be as fatally destructive to family concord as to permit either of the conjugal parties to testify against the other during coverture.   The language of inspiration is, " They shall be one flesh."   The language of the law, they shall have one inseparable interest ; and it is essential to connubial quiet, that married pairs should be impressed with the opinion, that at no future period of their lives this interest can be severed.   If a man should have an adulterous wife, and apply for a divorce, must he anticipate, that in addition to the mortification and disgrace of breaking up his family, he is to be exposed to the vindictive testimony of a bad woman, who perhaps, incited by her seducer, might brand as criminal the most innocent of his actions during coverture ?

A divorce *a vinculo matrimonii*, it is true, severs the interest of the married.   So does a divorce *e mensa et thoro ;* yet the books are full, that a wife under such circumstances cannot be admitted to testify against her husband.   Death operates a fatal divorce : but a widow cannot be admitted as a witness to prove the illegitimacy of a child born during coverture.

Mr. Attorney rose to reply, but was interrupted by the Court.

There is no legal disability in the witness. Let her be sworn. You may argue against her *credibility* to the Jury.

------

JOHN DOE, *ex dem.* JAMES FORBES, Appellee,

*against*

PHILIP SMITH and SOLOMON BARNUM, Tenants, Appellants.

*Decision under the act establishing the division of lands in the town of Shoreham.*

EJECTMENT. This was an action of ejectment brought to recover the possession of Lot No. 31, in the third division of lots in *Shoreham*, laid to the original right of *James Forbes*, junior. Common rule entered. Lease, entry, and *ouster* confessed, and the cause put to the country on the trial of the title under the general issue.

*S. Storrs*, for the plaintiff, in support of the title of the lessor of the plaintiff, read the charter of *Shoreham*, dated 9th *October*, 1761, by which it appeared, that *James Forbes*, junior, was indorsed as original grantee.

2dly. A deed executed by *James Forbes*, junior, to *Isaac Leach*, conveying the premises in fee, dated 12th *October*, 1761.

3dly. A deed from *Isaac Leach* to the lessor of the plaintiff, dated *May* 23d, 1787.